UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON GILL, #391359,

        Plaintiff,

                                  CASE NO. 4:14-CV-10538

v.                            HONORABLE TERRENCE G. BERG

STANLEY ENGLEHARDT, et al.,

        Defendants.

_____/

## OPINION AND ORDER
## DISMISSING COMPLAINT WITHOUT PREJUDICE

### I. INTRODUCTION

Michigan prisoner Milton Gill ("Plaintiff"), who is currently confined at the Parnall Correctional Facility ("Parnall") in Jackson, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on February 5, 2014. In that complaint, Gill asserts that he was not given proper medical care, particularly pain medication, while confined at the Gus Harrison Correctional Facility ("Gus Harrison") in Adrian, Michigan. Plaintiff Gill names physicians and nurses employed at Gus Harrison as the defendants in this action and sues them in their

official capacities.  Plaintiff seeks injunctive relief, *i.e.*, to have the Court act as a mediator between the parties to ensure that he receives proper medical care.  On February 11, 2014, the Court granted Plaintiff leave to proceed without prepayment of the fees and costs for this action.  *See* 28 U.S.C. § 1915(a)(1).  On March 25, 2014, Plaintiff filed an amendment to his complaint asserting that he is being forced to enroll in school to bolster prison funding and in retaliation for filing his lawsuit, and asserting that he is not being given proper dental treatment.  The amendment does not identify who is allegedly responsible for forcing Plaintiff to enroll in school, retaliating against him, or denying him dental treatment.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required *sua sponte* to dismiss an *in forma pauperis* complaint before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress

against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant- unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

In his original complaint, Plaintiff alleges that the defendants denied him proper medical care in violation of his Eighth Amendment rights. The United States Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth

Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The deliberate indifference standard requires a prisoner to show that prison official defendants acted with a reckless disregard of a known risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). A plaintiff may establish deliberate indifference by a showing of grossly inadequate medical care. *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002).

Assuming, without deciding, that Plaintiff's allegations in his original complaint are sufficient to state such a claim, that complaint must nevertheless be dismissed. Plaintiff sues the defendants, Gus Harrison medical employees, in their official capacities and seeks injunctive relief. Plaintiff, however, is no longer confined at Gus Harrison and has been transferred to Parnall. Consequently, his claims for injunctive relief as to the named defendants are moot – the Court can no longer grant him the relief he seeks because the defendants are no longer responsible for his medical care. *See Cardinal v. Metrish*, 564 F.3d 794, 798 (6th Cir. 2009) (citing *Kensu*); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive and declaratory

relief were rendered moot by his transfer to a new facility).  Plaintiff's original complaint must therefore be dismissed.

Plaintiff's amendment to his complaint (Dkt. 8) is also subject to dismissal.  Plaintiff's supplemental claims, which concern his schooling and dental care at the Parnall Correctional Facility, do not identify a defendant or defendants who are responsible for the alleged actions and are conclusory.  The defendants in Plaintiff's original complaint are medical personnel at the Gus Harrison Correctional Facility who are not responsible for his schooling or dental care at his current place of confinement.  Additionally, it is well-established that conclusory allegations are insufficient to state a civil rights claim.  *Twombly*, 550 U.S. at 555-57; *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff has thus failed to state a claim upon which relief may be granted against the current defendants as to the supplemental claims. Plaintiff's amendment to his complaint must therefore be dismissed.[1]

### III. CONCLUSION

---

[1] The Court also notes that the claims in the amendment to the complaint are likely not properly joined with the original complaint because they appear to concern different defendants at another facility and do not involve the same transactions or occurrences.  *See* Fed. R. Civ. P. 18, 20(a)(2).

The Court concludes that Plaintiff's claims for injunctive relief against the named defendants are moot due to his prison transfer and that he has failed to name defendants responsible for the conduct alleged in his supplemental complaint. Accordingly, the Court **DISMISSES** his civil rights complaint and the amendment to his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). This dismissal is without prejudice to Plaintiff filing a new complaint naming the defendants responsible for the conduct alleged in the complaint and seeking appropriate relief against those defendants. This case, however, is closed and will not be reopened. Lastly, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: April 22, 2014

**Certificate of Service**

I hereby certify that this Order was electronically submitted on April 22, 2014, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager

7