UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON GILL, #391359,

          Plaintiff,

                                     CASE NO. 14-10538
v.                                HONORABLE TERRENCE G. BERG

STANLEY ENGLEHARDT, et al.,

          Defendants.

_____/

## ORDER DENYING MOTION FOR REHEARING AND RECONSIDERATION (DKT. 10) AND DENYING, AS MOOT, PLAINTIFF'S MOTION TO COMPEL (DKT. 14)

This matter is before the Court on Plaintiff's motion for rehearing and reconsideration (Dkt. 10) concerning the Court's dismissal of his civil rights complaint and supplemental complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court dismissed Plaintiff's claims for injunctive relief against the named defendants in his original complaint as moot due to his prison transfer and ruled that he failed to name defendants responsible for the conduct alleged in his supplemental complaint, which was also subject to dismissal based upon misjoinder. Plaintiff also filed a motion to compel discovery (Dkt. 14) from Defendants.

Plaintiff seeks reconsideration of the Court's decision under Federal Rule of Civil Procedure 59(e) and Local Rule 7(1)(h). A motion for reconsideration which presents issues already ruled upon by a district court, either expressly or by reasonable implication, will not be granted unless the movant shows that a palpable defect existed, by which the court was misled, and that a different disposition would result

from the correction of the defect. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff raises such issues in his motion. The Court properly dismissed the complaint and supplemental complaint for the reasons stated in the dismissal order. Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3).

Plaintiff asserts that he sued Defendants in their individual capacities for monetary damages in his original complaint. His allegation, however, is belied by the complaint which indicates that he only sued Defendants in their official capacities for injunctive relief. Plaintiff also asserts that he named, or now attempts to name, defendants relative to the claims contained in his supplemental complaint and further asserts that his prison transfer was retaliatory. To the extent that Plaintiff alleges that he named defendants in his supplemental complaint, his allegation is belied by the record. To the extent that he seeks to amend his complaint to add defendants or additional claims, he may not do so in a request for rehearing or reconsideration. Rather, as explained in the Court's dismissal order, the proper procedure is to file a new complaint naming the appropriate defendants and seeking appropriate relief against those defendants. The only way Plaintiff can bring these new claims is to file a new complaint naming the appropriate defendants and asking for relief against the new defendants. This Order does not prevent Plaintiff from filing such a new complaint; whether to do so is up to Plaintiff.

2

For the above reasons, Plaintiff's motion for reconsideration is denied.  This case remains closed.  Accordingly, Plaintiff's motion to compel is denied as moot.

**IT IS SO ORDERED**.


Dated: October 7, 2014                              s/Terrence G. Berg
                                                    TERRENCE G. BERG
                                                    UNITED STATES DISTRICT JUDGE


## Certificate of Service

I hereby certify that this Order was electronically submitted on October 7, 2014, using the CM/ECF system, which will send notification to all parties, and served upon unrepresented parties via postal mail.

                                                    s/A. Chubb
                                                    Case Manager

3